IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**RONALD PALMER HEATH,**

    **Petitioner,**

**v.**                                     **CASE NO. 1:09cv148/MCR**

**WALTER A. McNEIL,**
    **Secretary, Florida**
    **Department of Corrections,**

**et al,**

    **Respondents.**
_____/

## O R D E R

**Before the court are Petitioner's** *pro se* **request to docket three motions in a particular order (doc. 29),** *pro se* **motion to accept his previously filed 2254 petition as timely (doc. 30),** *pro se* **motion to stay proceedings pending disposition of** *Holland v. Florida*, **539 F. 3d 1334 (11th Cir. 2008),** *cert. granted,* **130 S. Ct. 398 (Oct. 13, 2009)(No. 09-5327) (doc. 31), and** *pro se* **motion for 60-day extension of time to respond to this court's order dated October 27, 2009 (doc. 32). Respondent has filed motions to strike three of these** *pro se* **pleadings because Petitioner is currently represented by counsel. See docs. 36, 37, and 38.**

    Upon careful consideration, Petitioner's *pro se* request to docket three motions in a particular order (doc. 29)*, pro se* motion to accept his previously filed 2254 petition as timely (doc. 30), and *pro se* motion to stay proceedings pending disposition of *Holland v. Florida*, 539 F. 3d 1334 (11th Cir. 2008), *cert. granted,* 130 S. Ct. 398 (Oct. 13, 2009)(No. 09-5327) (doc. 31) will be denied. Petitioner is currently represented by counsel and, therefore, is prohibited from filing *pro se* pleadings without leave of court. See N.D. Fla. Loc. R. 11.1(D).

Petitioner filed his petition for a writ of habeas corpus on June 23, 2009.  Doc. 1.  In response, Respondent filed a motion for summary judgment alleging that the habeas corpus petition was untimely filed. Doc. 14.  In reply to the motion for summary judgment, Petitioner's counsel asserted that the habeas corpus petition was exempt from the limitations period in 28 U.S.C. § 2244(d)(1) because of newly discovered evidence and State action which required equitable tolling.  (Doc. 19).  On October 5, 2009, Petitioner filed a *pro se* emergency motion to disqualify (dismiss) his counsel and for other miscellaneous relief on the ground that his counsel was the cause of his untimely filing; however, Petitioner did not present sufficient facts in support of this argument.  Thus, this court issued its order dated October 27, 2009, requiring Petitioner to allege with specificity his entitlement to equitable tolling and giving Petitioner 30 days to file an amended motion to disqualify (dismiss) counsel.  *See* doc. 28.

Petitioner now seeks a  60-day extension of time to respond to this court's order dated October 27, 2009.  (Doc. 32).   The court will grant Petitioner this extension of time, and Petitioner is given leave of court to file a *pro se* pleading responding to this order.  However, Petitioner is cautioned that this leave of court is limited to the issues related to this court's order dated October 27, 2009, and no other *pro se* pleadings will be accepted which are unrelated to this order.

Accordingly, it is ORDERED:

1.    Petitioner's *pro se* request to docket three motions in a particular order (doc. 29), *pro se* motion to accept his previously filed 2254 petition as timely (doc. 30), and *pro se* motion to stay proceedings pending disposition of  *Holland v. Florida*, 539 F. 3d 1334 (11th Cir. 2008), *cert. granted,* 130 S. Ct. 398 (Oct. 13, 2009)(No. 09-5327)  (doc. 31) are DENIED.

2. Respondent's motion to strike Petitioner's *pro se* request to docket three motions in a particular order (doc. 38), motion to strike Petitioner's *pro se* motion to accept his previously filed 2254 petition as timely (doc. 36), and motion to strike

Petitioner's *pro se* motion to stay proceedings pending disposition of *Holland v. Florida,* 539 F. 3d 1334 (11th Cir. 2008), *cert. granted,* 130 S. Ct. 398 (Oct. 13, 2009)(No. 09-5327) (doc. 37) are GRANTED.

  3. Petitioner's *pro se* motion for 60-day extension of time to respond to this court's order dated October 27, 2009, (doc. 32) is GRANTED.

  4. Petitioner shall have sixty (60) days from the date this order is entered on the docket in which to file a *pro se* pleading responding to this court's order dated October 27, 2009.

  5. Respondent shall have twenty (20) days from the date of the filing of Petitioner's response to this court's order dated October 27, 2009, to file a reply.

  DONE and ORDERED this 8th day of December, 2009.


      *s/ M. Casey Rodgers*
      **M. CASEY RODGERS**
      **UNITED STATES DISTRICT JUDGE**