IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**RONALD PALMER HEATH,**

    Petitioner,

v.                                      CASE NO. 1:09cv148/MCR

**WALTER A. McNEIL,**
    Secretary, Florida
    Department of Corrections,

et al,

    Respondents.
_____/

## ORDER APPOINTING COUNSEL, REQUIRING EVIDENTIARY HEARING, AND REFERRAL TO MAGISTRATE JUDGE

Pending before the court is petitioner's writ of habeas corpus (doc. 1) filed on his behalf by attorney Robert Harper and respondents' motion for summary judgment (doc. 14) in which respondents assert that petitioner's habeas petition is untimely and should be dismissed. Petitioner, by and through counsel, has filed a response to the motion for summary judgment (doc. 19).

While the summary judgment motion was pending before the court, petitioner filed a *pro se* emergency motion to disqualify counsel and appoint new counsel (doc. 23) asserting that his attorney's conduct warrants application of the doctrine of equitable tolling in this case. Respondents have replied in opposition to this motion (doc. 25). Because petitioner's emergency motion lacked factual specificity, petitioner was ordered to file an amended motion (doc. 28) and was thereafter granted an extension of time to file this amended motion (doc. 39). Petitioner filed

his amended motion on February 2, 2010 (doc. 43) and has also filed a motion for leave to file an additional attachment to this motion (doc. 45). Respondents have replied to both of these motions. *See* docs. 44 & 46.

While section 2244 of Title 28 of the United States Code does not mandate a hearing on the issue of time-bar or equitable tolling, the decision of whether to conduct an evidentiary hearing is left to the sound discretion of the district court. *See Holland v. Florida*, 539 F.3d 1334, 1340 (11th Cir. 2008); *Drew v. Department of Corrections*, 297 F.3d 1278, 1292 (11th Cir. 2002). Based on the petitioner's allegations of his attorney's misconduct in connection with the filing of his habeas petition and particularly in light of the questions respondents have requested be posed to petitioner's counsel (*see* doc. 46 at 4-5), the court finds an evidentiary hearing necessary for the proper resolution of this claim.

Additionally, the court finds that the interests of justice would be best served if petitioner was represented by counsel during the evidentiary hearing and in matters related thereto on the issue of whether petitioner can demonstrate the required extraordinary circumstances to warrant application of the doctrine of equitable tolling. *See* 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. § 2254(h). Baya M. Harrison, 310 North Jefferson Street, Monticello, Florida 32344, has agreed to represent petitioner in this matter, and the court finds him qualified to do so. Mr. Harrison is admitted to practice before this court and has represented indigent defendants in collateral proceedings in capital cases in both state and federal court.

Furthermore, due to time constraints in connection with the undersigned's current trial schedule, as well as the physical location of all counsel, pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 72.3, the undersigned finds it appropriate to refer this matter to a Magistrate Judge for further proceedings.

Accordingly, it is hereby ORDERED:

1.      Petitioner's motion for the appointment of counsel (doc. 23) is GRANTED.

Case No.: 1:09cv148/MCR

2. Baya M. Harrison is appointed to represent petitioner during the evidentiary hearing and in matters related thereto on the issue of whether petitioner can demonstrate the required extraordinary circumstances to warrant application of the doctrine of equitable tolling.

3. The Clerk is directed to notify the appropriate courtroom deputy to prepare the necessary CJA 30 death penalty appointment and authorization to pay paperwork.

4. This cause is hereby referred to Magistrate Judge William Sherrill to conduct evidentiary and such other proceedings as are required and to enter a report and recommendation on the disposition of petitioner's request to apply the doctrine of equitable tolling to his untimely habeas petition. *See* docs. 43 and 45.

5. Attorneys for both parties are instructed to confer regarding the scheduling of an evidentiary hearing on this matter and are required to schedule a hearing with this court within thirty (30) days from the docketing date of this order.

DONE AND ORDERED this 23rd day of March, 2010.

       *s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**