## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

**RONALD PALMER HEATH,**
      **Petitioner,**

**v.**                             **CASE NO. 1:09cv148/MCR**

**WALTER A. McNEIL,**
      **Secretary, Florida**
      **Department of Corrections, et al,**
      **Respondents.**
_____/

## O R D E R

This matter is before the court on consideration of the magistrate judge's Report and Recommendation dated July 9, 2010.  (Doc. 62).  The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Having considered the Report and Recommendation, the objections thereto timely filed by Respondents (doc. 63), and Petitioner's Reply to the objections (doc. 64), I have determined that the Report and Recommendation should be adopted.[1]

There is one matter the court would like to specifically address, however.  In their objection, Respondents point to the magistrate judge's conclusion that "[a]n intentional refusal to file a case-initiating document within the period of limitations, *and* a refusal to tell one's client, who was clearly interested in a timely filing, is not 'reasonable' strategy" and suggest that this finding "excludes the possibility that an attorney may intentionally miss the deadline for strategic purposes–to inject as much delay into the proceedings as possible."  I disagree for a couple of reasons.  First, the facts of this case simply do not support Respondent's concern.  The magistrate judge specifically found that Mr. Harper considered filing a petition on

---

[1]  I have made a *de novo* determination of any timely filed objections.

Petitioner's behalf but decided otherwise based on his assessment of the merit, or lack thereof, of the potential claims. The magistrate judge, therefore, concluded that Mr. Harper made a conscious decision not to file the petition before the deadline expired. There was no finding - and in fact no evidence to support any such finding - that Mr. Harper failed to file the petition in a timely manner for the purpose of delaying Petitioner's capital proceedings.[2] Accordingly, Respondents' argument does not fit the facts of this case.

Nonetheless, Respondents argue that by adopting the magistrate judges's recommendation the court will be encouraging attorneys in future capital cases to intentionally and strategically miss the AEDPA deadline[3] - without informing their clients of this strategy - so as to extend the court proceedings for as long as possible, thus delaying an execution date. First, this suggestion unfairly characterizes the nature and practice of those lawyers who regularly appear in our court on behalf of capital defendants. Second, even if some attorney(s) felt the strategy was worth pursuing, the chances of success with it certainly are not great enough to encourage a wholesale use of the tactic by capital attorneys.[4] Because equitable tolling is "an extraordinary remedy which is typically applied sparingly,"[5] there would be no guarantee the strategy would be successful. Setting aside the requirement that an extraordinary circumstance must have stood in the way, in order to be entitled to equitable tolling a petitioner must also demonstrate reasonable

---

[2] Mr. Harper testified that "he did not intend to make this a test case, but his thinking was that the system of justice would not allow the execution of a person with a colorable claim of innocence," (doc. 62 at 8-9); the implication being that Petitioner might possibly circumvent the AEDPA deadline by making a "gateway" claim of actual innocence pursuant to *Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995).

[3] The statute of limitations is set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

[4] In fact, the chances are nil, as no court would ever find such a strategy reasonable.

[5] *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000).

diligence in pursuing his federal rights.[6] **Meeting the diligence prong is by no means easy and requires a very fact-specific analysis. By employing this "strategy" of delay, counsel would have to rely on petitioner to act with the requisite diligence without any guidance from counsel because, of course, any collusion between counsel and the petitioner in regards to intentional delay would necessarily foreclose equitable relief based on the doctrine of "unclean hands."[7] Furthermore, if counsel advises his client that he has no meritorious claims to appeal, the likelihood that the petitioner will diligently pursue his federal rights is not very high.[8]**

**Finally, there is a question as to how such a delay strategy would work considering the general principles of agency, which support holding a client constructively responsible for his attorney's conduct. *See Holland v. Florida*, 130 S. Ct. 2549, 2566-68 (2010)(Alito, J., concurring). In the capital habeas context, if counsel's conduct was part of a conscious strategy to gain delay for the benefit of petitioner in light of counsel's decision that the case lacked merit, the petitioner would likely be held responsible for the conduct of counsel under agency principles. Thus, equitable tolling may not be applied even if petitioner was otherwise diligent in pursuing his rights.**

**Given the fact-specific nature of equitable tolling and the highly speculative nature of the argument raised by Respondents, I have no concerns with the court's adoption of the magistrate judge's thoughtful and well-reasoned Report and Recommendation.**

---

[6] A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005). The diligence required for equitable tolling purposes is reasonable diligence. *Holland v. Florida*, 130 S. Ct. 2549, 2565 (2010).

[7] The equitable doctrine of unclean hands provides that one who has acted in bad faith, resorted to trickery and deception, or been guilty of fraud, injustice, or unfairness will appeal in vain to court of conscience. *Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.,* 324 U.S. 806, 814-15, 65 S.Ct. 993, 997-98, 89 L.Ed.2d 1381 (1945).

[8] I reject the suggestion that capital attorneys will mislead their clients about the merits of the case in order to advance this strategy.

Accordingly, it is now ORDERED as follows:

1.      The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this order.

2.      Petitioner's *pro se* motions (docs. 43 and 45) for equitable tolling are GRANTED.

3.      The statute of limitations pursuant to AEDPA is equitably tolled from April 15, 2009, until June 23, 2009, thereby making the habeas petition filed in this case (doc. 1) timely filed.

4.      Respondents' motion for summary judgment (doc. 14) is DENIED.

5.      Respondents shall have forty-five (45) days from the date this order is entered on the docket in which to file an answer in compliance with Rule 5 of the Rules Governing §2254 Cases.

6.      Petitioner shall have thirty (30) days from the date of the filing of Respondent's answer to file a reply.

DONE and ORDERED this 16th day of August, 2010.

s/ *M. Casey Rodgers*

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**